[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10926
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-01396-CLS

STEPHEN ALEXANDER,

Plaintiff - Appellant,

versus

CITY OF MUSCLE SHOALS, ALABAMA,
ROBERT EVANS,
EDDIE LANG,
TOMMY SKIPWORTH,
CHARLES SOCKWELL, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 21, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Stephen Alexander appeals the summary judgment against his complaint that his civil rights were violated by the City of Muscle Shoals and its employees. 42 U.S.C. § 1983. Alexander argues that he was entitled to amend his complaint to add a cause of action against the City. Alexander also argues that genuine issues of fact exist about whether the City violated his right to due process under the Fourteenth Amendment and whether deputies at the City jail were deliberately indifferent to Alexander's need for medical treatment. We affirm.

The district court did not abuse its discretion by denying Alexander's motion for leave to amend his complaint. Alexander filed his motion five months after the original deadline for the completion of discovery, two months after the deadline had been extended twice at his request, and a month after the defendants had moved for summary judgment. See Lowe's Home Ctrs., Inc. v. Olin Corp., 313 F.3d 1307, 1315 (11th Cir. 2002). Alexander also failed to establish good cause to amend his complaint. See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). Alexander sought to add a new claim that the City had violated his right to due process under the Fourth Amendment by denying him a probable cause hearing. Alexander proffered as good cause that his attorney had been unaware of the difference between his rights to an initial appearance hearing and to a hearing to determine probable cause, but a city magistrate judge, in a

deposition, explained to the attorney more than three weeks before the revised discovery deadline that "probable cause and initial appearance [are] two different things." Because Alexander failed to act diligently on that information, his request to amend his complaint after expiration of the deadlines in the scheduling order was not supported by good cause.

Alexander complained that the City violated his right to due process under the Fourteenth Amendment by failing to provide him an initial appearance hearing, but Alexander failed to present evidence of a municipal custom or policy of denying hearings for initial appearances. For the City to be liable, Alexander had to establish: "(1) that his constitutional rights were violated; (2) that the [City] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). This Court has not addressed whether a detainee has a constitutional right to an initial appearance hearing, but we need not resolve that issue because Alexander failed to prove that the City had adopted a "custom" or a "'permanent and well settled' practice[]," Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167, 90 S. Ct. 1598, 1613 (1970)), of denying detainees an initial appearance hearing. On the contrary, two magistrate

judges, Vonda Green and Bobby Muse, testified that they conducted initial appearance hearings routinely and that the City had a written policy requiring magistrate judges to conduct those hearings in accordance with the Alabama Rules of Criminal Procedure. The district court did not err by granting summary judgment in favor of the City and against Alexander's complaint about a violation of due process.

Alexander also failed to prove that deputies at the jail acted with deliberate indifference to Alexander's need for treatment of a staph infection on his leg. Alexander had to establish that he had a medical need of which the deputies were subjectively aware, but ignored based on "more than gross negligence." Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010). Although Alexander complained to deputies for two days about pain in his leg that prevented him from standing or walking, Alexander told the deputies that he was suffering from gout and the deputies regularly administered medication to treat that ailment. Alexander also did not prove that his need for other medical attention was apparent to the "untrained eye" of the deputies. Youmans v. Gagnon, 626 F.3d 557, 564 n.8 (11th Cir. 2010). Photographs taken of Alexander's leg depict a blister-like lesion on his leg, but Alexander did not allege that the deputies saw the lesion or that they should have identified the lesion as a

sign of a staph infection. It is unclear from the record that the deputies would have seen any physical manifestation of the staph that would have made it apparent that Alexander required medical treatment. Alexander's doctor, who saw Alexander twelve hours after he had been released from jail, testified that the lesion could have developed in a matter of hours. The district court correctly granted summary judgment in favor of the deputies on the ground of qualified immunity.

We **AFFIRM** the judgment in favor of the City and its employees.